### IN THE UNITED STATES DISTRICT COURT FOR
### THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| SUSAN QUEEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 06-CV-44-TCK-SAJ |
| | ) | |
| SIMMONS FOODS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

### OPINION AND ORDER

Before the Court is Defendant Simmons Foods, Inc.'s ("Defendant") Motion for Summary Judgment (Doc. 24); and Defendant's Motion for Confession of Judgment and for Sanctions (Docs. 40 and 41).

### I.      Procedural History

On January 20, 2006, Plaintiff filed a Complaint against Defendant, her former employer, alleging wrongful actions by Defendant in connection with Plaintiff's termination. Defendant filed a motion to dismiss, arguing that Plaintiff failed to effect timely service of process. On October 30, 2006, the Court granted the motion to dismiss because Plaintiff failed to respond to the motion and therefore did not show good cause for her failure to effect service. (*See* 10/30/06 Order at 2 ("If plaintiff had responded to the motion to dismiss, she could have attempted to show good cause for her failure to serve the defendant within the 120 days provided by Fed. R. Civ. P. 4(m). She failed to do so."). On the same date, but at a point in time after the Court's Order was signed, Plaintiff filed a late response to the motion to dismiss, explaining her reasons for failing to effectuate service. In the interest of fairness to Plaintiff and to fulfill the Court's obligation to dispose of a case on the merits

1

when possible, the Court allowed the response to be filed out of time, vacated its October 30, 2006 Order, and allowed Plaintiff to proceed with her lawsuit.  Plaintiff perfected service, and the Court entered a scheduling order.

On July 13, 2007, Defendant filed the pending motion for summary judgment.  On the same date, Plaintiff filed a motion for default judgment based on Defendant's failure to file an answer after the Court denied Defendant's motion to dismiss.  On July 31, 2007, the Court denied Plaintiff's motion for default judgment, finding that "Defendant's failure to file an answer was excusable based on the irregular proceedings in this case" and that "Plaintiff has had actual notice that Defendant was denying the allegations in the Complaint . . . since the time of filing the Joint Status Report."  (7/31/07 Order at 2.)  By the same Order, the Court granted a separate motion by Plaintiff to extend the time for her to respond to the motion for summary judgment until August 24, 2007.

Defendant failed to respond to the motion for summary by August 24, 2007, failed to move for any further extensions, and, to date, has still failed to respond.  On September 21, 2007, Defendant filed a motion for confession of judgment and for sanctions, wherein Defendant (1) moved for a confession of judgment pursuant to Northern District Local Rule 7.2(f), which provides that an unopposed dispositive motion may be granted eleven days after the moving party files a motion for confession of judgment, or, alternatively (2) moved for dismissal of the case "as a sanction for her failure to comply with the Court's Scheduling Order" and for its "costs and attorney fees incurred in connection with the Plaintiff's failure to comply."  (Mot. for Sanctions 4.)

## II.    Standard Governing Unopposed Dispositive Motions

Even when a dispositive motion is unopposed and the moving party has filed a confession of judgment pursuant to Northern District Local Rule 7.2(f), the Court remains obligated to determine if the summary judgment motion is properly "supported" pursuant to Federal Rule of Civil Procedure 56©.  *Reed v. Bennett*, 312 F.3d 1190, 1194 (10th Cir. 2002) ("[A] party's failure to file a response to a motion for summary judgment is not, by itself, a sufficient basis on which to enter judgment against the party.").  Instead, even when a party has failed to respond, the district court must make the "additional determination that judgment for the moving party is 'appropriate' under Rule 56."  *Id.* at 1195.  "Summary judgment is appropriate only if the moving party demonstrates that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law."  *Id.*  In analyzing whether a material issue of fact exists, it must be remembered that, by failing to file a timely response, Plaintiff has "waive[d] the right to respond or controvert the facts asserted in the summary judgment motion," and the "court should accept as true all material facts asserted and properly supported in the summary judgment motion."  *Id.*

## III.    Motion for Summary Judgment

### A.    Retaliation Claim

Plaintiff was terminated in October 2003.  Plaintiff claims she was terminated in retaliation for (1) filing a Charge of Discrimination, and/or (2) reporting a consensual sexual relationship between two other employees.  (Compl. ¶¶ 3-6.)  To establish a prima facie case of retaliation, Plaintiff must show:  (1) that she engaged in protected opposition to discrimination, (2) that a reasonable employee would have found the challenged action materially adverse, and (3) that a causal connection existed between the protected activity

3

and the materially adverse action.  *Haynes v. Level 3 Commc'ns, LLC*, 456 F.3d 1215, 1228 (10th Cir. 2006).  If Plaintiff can make a prima facie case, the burden shifts to Defendant to articulate a legitimate, non-discriminatory reason for her termination.  *Argo v. Blue Cross and Blue Shield of Okla.*, 452 F.3d 1193, 1202 (10th Cir. 2006).  Once an employer has offered a legitimate, non-discriminatory reason, the burden shifts back to the plaintiff to demonstrate that the proferred explanation is a pretext for retaliation.  *Id.* at 1203.  To show pretext, Plaintiff must produce evidence of "such weaknesses, implausibilities, incoherencies, or contradictions in the employer's proferred legitimate reasons for its action that a reasonable factfinder could rationally find them unworthy of credence and hence infer that the employer did not act for the asserted non-discriminatory reason."  *Id.*

The Court finds Defendant has met its "initial responsibility of demonstrating that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law." *See Reed,* 312 F.3d at 1194.  The Court assumes, without deciding, that Plaintiff can make a prima facie case of retaliation based on both of her two theories.  However, Defendant has presented evidence of a legitimate, non-discriminatory reason for her termination. Specifically, Defendant alleges:

> [I]n October of 2003 Plaintiff's employment was terminated because [Defendant] believed that she had violated company procedures regarding Simmons' salvage protocol related to Simmons' quality assurance process and the USDA inspection process.  Specifically, Simmons believed that the Plaintiff removed a metal hold tag from a failed tub of parts and placed those parts in the cooler before the parts had been QA checked and released.  This violation could have resulted in plant closure by the USDA.

(Steve Hartman Aff., Ex. A to Def.'s Mot. for Summ. J., at ¶ 3.)  Because Plaintiff has wholly failed to respond, this evidence is uncontroverted and must be accepted as the true

4

reason for Plaintiff's termination.  Thus, there is no genuine issue of fact for trial, and Defendant is entitled to judgment as a matter of law.

### B.      Other Claims

Plaintiff's Complaint does not contain delineated causes of action.  As argued by Defendant, Plaintiff's principal claim in the Complaint is for Title VII retaliation, which is addressed above.  One sentence of the Complaint also states that Defendant's "actions and oral representations of management personnel to other [of Defendant's] management personnel violated and breach [sic] the parties [sic] prior, 2002 discharge claim settlement agreement entered into" by Plaintiff and Defendant.  (Compl. ¶ 7.)  In its motion for summary judgment, Defendant noted that Plaintiff's Complaint "alluded" to some type of breach of contract claim.  Defendant proffered that "Plaintiff has not, and cannot produce any evidence beyond pure speculation and conjecture that [Defendant] violated" the settlement agreement and moved for judgment "as to the breach of contract claim and any remaining claims." (Def.'s Mot. for Summ. J. 10.)  Without a responsive pleading or a more detailed Complaint, the Court has no basis to discern what actions of Defendant allegedly violated the settlement agreement.  Nor does Defendant.  Defendant has therefore demonstrated to the Court that, based on the evidence in the record, there is no genuine issue of material fact as to Plaintiff's breach of contract claim or any other claim alleged in the Complaint.

Defendant's Motion for Summary Judgment (Doc. 24) is GRANTED; and Defendant's Motion for Confession of Judgment and for Sanctions (Docs. 40 and 41) are DENIED.[1]

**ORDERED this 9th day of October 2007.**

**TERENCE KERN**
**UNITED STATES DISTRICT JUDGE**

---

[1] In its discretion, the Court declines to grant Defendant an award of costs or fees as a sanction for Plaintiff's failure to comply with the Court's scheduling order.